Beck *v.* Beck.

---

CATHARINE BECK

*v.*

HERMAN BECK.

1. If a cross-bill merely sets up matter which would be equally available as a defence, under an answer, it is demurrable.

2. A defendant can only use a cross-bill as a means of defence; he cannot use it as the means of obtaining relief in respect to a cause of action wholly unconnected with the complainant's cause of action.

3. Parol evidence is admissible to establish a resulting trust, but not to contradict a valid written contract.

4. Where a complainant sues for rents which the defendant has collected, and the defendant denies the complainant's right to them, on the ground of a resulting trust, the defendant, in order to procure a decree establishing the trust, must file a cross-bill.

5. A decree establishing a resulting trust can only be made upon either an original or cross-bill.

On motion to strike out cross-bill.

*Mr. Theodore Runyon,* for motion.

*Mr. John R. Emery, contra.*

VAN FLEET, V. C.

This is a suit by a wife against her husband, to compel him to account for the rents of certain real estate, which she says he has collected as her agent. The parties were married in August, 1854. The complainant holds the legal title to two pieces of real estate in the city of Newark. The first was conveyed to her in August, 1859, and is situate on Springfield avenue; the second was conveyed to her in November, 1877, and is situate on the corner of New and Plane streets. There are buildings on both tracts, which have have been almost constantly occupied by tenants since the complainant obtained title. The defendant has collected all the rents, but has neither paid nor accounted to the complainant for them. The complainant, by her bill, says that she authorized the defendant to collect the rents, with the understanding that he should apply them to the payment of taxes and the other necessary annual charges of the premises, and also in making such improvements on the premises as would enure to her benefit, and account to her, from time to time, for any balance which remained in his hands. The complainant revoked the defendant's agency in October, 1886, but he, notwithstanding, persisted in attempting to collect the rents, and because some of the tenants refused to pay rent to him, he instituted legal proceedings to dispossess them. The complainant then brought this suit, asking that the defendant might be required to account for the rents he had already received, and

also that he be restrained from making further collections, and from molesting or annoying her tenants. The defendant has answered, denying the complainant's right to an account. He says, that he is the real owner of both tracts. His claim, in this regard, is put upon the ground of a resulting trust. He says, that he made the contract of purchase for each tract, and subsequently paid the whole of the purchase-money with his own funds, his wife not contributing a penny. He likewise says, that he caused the legal title to the lands to be made to his wife, but that he did so without either an agreement or purpose to make a gift to her, or a settlement upon her, and that the lands have always, since she obtained title, been treated and considered as belonging to him, she holding the legal title in trust for him. The defendant puts his right to the rents of the property on the corner of New and Plane streets on an additional ground. He says, that property was sold by the city of Newark to enforce an unpaid assessment made against it, for a term of fifty years from the 16th day of March, 1871, and that a legal title was subsequently made to the purchaser in execution of the sale, and that he (defendant) became invested with such title on the 15th of July, 1878, and thereby acquired a right to the possession and use of this part of the property in controversy superior to any which the complainant can claim. The defendant has also made these facts the basis of a cross-bill, in which he asks a decree, declaring that the complainant holds the legal title to the lands in question in trust for him, and directing her to convey them to him.

This cross-bill is the subject of the present controversy. The complainant moves to strike it out both on the ground that it is useless and impertinent—useless, because, as her counsel contends, if the facts stated in the cross-bill were set up in the answer alone, and proved, they would constitute, under the answer, as complete and perfect a defence to the case made by the bill as can be made; impertinent, because the cross-bill seeks to thrust into the case a question entirely foreign to the matter put in litigation by the original bill.

There can be no doubt, I think, that a cross-bill, which merely sets up matter, which the defendant may make equally available

and effectual as a defence, by answer, is demurrable, for in such case the cross-bill is not only unnecessary, but useless. The only purpose it could serve in such case would be to encumber the record and add to the expense of the litigation. And it is also well settled, that a defendant can only use a cross-bill against a complainant, as a means of defence. It must, therefore, be confined to the matter put in litigation by the original bill, and cannot be used by a defendant, as a means of obtaining relief, against a complainant, in respect to a cause of action distinct from and wholly unconnected with the complainant's cause of action. *Carpenter* v. *Gray,* 10 *Stew. Eq.* 389 ; *Kirkpatrick* v. *Corning,* 12 *Stew. Eq.* 136 ; *Krueger* v. *Ferry,* 14 *Stew. Eq.* 432. The question presented for judgment must be decided by these rules.

So far as the defendant's defence rests on a legal title, it would seem to be entirely clear, that he does not need the aid of a cross-bill, but that he may make it fully and effectually under his answer. The *gravamen* of the complainant's case is that the defendant has, as her agent, received the rents of certain real estate, which she holds for her own use, and refuses to pay them to her. The defendant denies the principal fact on which this claim rests. He says, that the complainant does not hold the legal title to a part of the real estate of which she claims the rent, but that he does. If he establishes this fact, he will show as perfect and as complete a defence as can be shown, and a decree of dismissal, denying that the complainant is entitled to these rents, will render his defence, both in point of protection and prevention, as adequate and efficacious as it can be.

The other branch of the defence stands, however, in a very different position, and is subject to entirely different rules. The deeds, under which the complainant claims the rents in controversy, show on their face that she is the absolute owner, for her own use, of the lands from which the rents were derived. So long as the deeds stand in their original form, the complainant's title to the rents must be regarded as perfect. The defendant seeks to change the form of the deeds, or, at least, their effect. They are now absolute, investing the complainant with a perfect

legal title to the lands for her own use. The defendant seeks to fasten a trust upon the complainant's title. This can only be done by the decree of this court, and until this court has declared, by its decree, that the complainant's title is subject to a trust, the deeds must be construed and enforced, here and elsewhere, according to their plain terms. No such decree can be made, except upon a bill, either original or cross. Parol evidence is admissible for the purpose of establishing a resulting trust, but not for the purpose of contradicting the terms of a valid written contract. If evidence of this kind should be offered and received in this case, under an answer alone, the only office it could perform would be to contradict the terms of the deeds, for in this condition of the pleadings, the court would be powerless, even if such should be shown to be the fact, to fasten a trust on the complainant's title. So that the only purpose the admission of such evidence could serve, if the cross-bill is suppressed, would be to contradict the terms of the deeds. But with the cross-bill constituting part of the record in the case, such evidence could be properly received, not for purposes of contradiction, but to lay the foundation for effecting a change, by judicial means, in complainant's title—by making her title, which is now free and unclogged, subject to a trust. The case must, in my judgment, be ruled by the principles which govern the reformation of written contracts. In the absence of fraud a defendant cannot show, under an answer alone, that a contract which is perfect and complete in all its parts differs, in a material respect, from the contract which he made; but if he desires to show that such is the fact he must ask, by cross-bill, to have the contract reformed. *Van Syckel* v. *Dalrymple, 5 Stew. Eq. 233 ; S. C., on appeal, Id. 826.*

There can be no doubt, that if the defence which the defendant seeks to make, is well founded, that he has an unquestionable right to make it by such methods as will give him both protective and preventive justice. If it be true that he is the owner in equity of the lands, from which the rents in controversy were derived, and can demonstrate that fact, it is clear, that he cannot be held to answer for them. And I regard it as equally obvious,

Beck v. Beck.

that a decree which, on the demonstration of that fact, simply discharges him from past liability, will only do him partial, not complete, justice. He would, in that case, have a right to have his title finally settled, so that all future litigation may be prevented. And especially would this seem to be the right of a defendant where, as in this case, it is obvious, that the same evidence which he offers to show that he is not liable for the rents he has already received, will, if sufficient for that purpose, also show that he is the owner in equity of the lands in controversy. " It is the constant aim," says Judge Story, " of courts of equity to do complete justice, by deciding and settling the rights of all persons interested in the subject matter of the suit, so that the performance of the decree may be perfectly safe to those who may be compelled to obey it, and also that all future litigation may be prevented. Hence the common expression that courts of equity delight to do justice, and not by halves." *Story's Eq. Pl.* § *12*. It is for this reason, that it is a leading principle of equity procedure, that all persons materially interested, either legally or beneficially, in the subject matter of the suit, must be made parties, for, with every person before the court having an interest in the controversy, the case may be fully seen, and full and complete justice done to all, thus removing all cause for future litigation. One of the things which equity abhors is multiplicity of suits concerning the same subject matter.

In my judgment, the defendant cannot have the full benefit of the defence he seeks to make without the aid of a cross-bill. The complainant's motion must, therefore, be denied.